## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

|                                          |   |                        |
|------------------------------------------|---|------------------------|
|                                          | * |                        |
| **ROSALIND ANNETTE HALL,**               | * |                        |
| **Plaintiff**                            | * |                        |
| **v.**                                   | * | **CIVIL No. JKB-12-754** |
| **OFFICER DOMINIC A. FABRIZIO,** *et al.,* | * |                        |
| **Defendants**                           | * |                        |
|                                          | * |                        |

\* \* \* \* \* \* \* \* \* \* \* \*

## <u>MEMORANDUM</u>

Rosalind Annette Hall ("Plaintiff") brought this suit against Officer Dominic A. Fabrizio, Police Commissioner Frederick Bealefeld, III, and the Baltimore Police Department ("Defendants"), alleging violations of her rights under the United States Constitution, pursuant to 42 U.S.C. § 1983. Now pending before the Court is a motion (ECF No. 8) by Commissioner Bealefeld and the Baltimore Police Department to dismiss the claims against them. The issues have been briefed and no oral argument is required. Local Rule 105.6. For the reasons explained below, the motion will be GRANTED.

### I.      BACKGROUND

Plaintiff alleges that on March 28, 2009, she was involved in a car accident to which Defendant, Officer Fabrizio, responded. She alleges that at Fabrizio's request, she gave him her driver's license, after which he walked away, presumably to check the license against a police database. She alleges that when Fabrizio returned, he stated that he thought Plaintiff was not really a woman, but a man dressed as a woman, and then placed her under arrest. Plaintiff

alleges that when she asked why she was being arrested, Fabrizio responded that he believed she was a man named "Rosie" Hall, for whom he had located an outstanding arrest warrant. Plaintiff alleges that she denied this, but that Fabrizio insisted she was a "transvestite" and that he "question[ed] her as to where [her] male genitalia was 'hidden'," at which point he and other officers began to laugh and make jokes about not wanting to "pat her down" after the arrest. (Compl. ¶¶ 24-25). Plaintiff alleges that she was then taken to Central Booking where she spent 8-10 hours in custody before the Department of Public Safety and Corrections further investigated her identity and determined that she was, in fact, the woman identified on her drivers' license and not the man, Rosie Hall.

On March 12, 2012, Plaintiff filed this suit under 42 U.S.C. § 1983 against Officer Fabrizio and against the Baltimore Police Department and Police Commissioner Frederick Bealefeld, III, alleging violation of her rights under the fourth, fifth, and fourteenth amendments to the United States Constitution. On June 14, 2012 Commissioner Bealefeld and the Police Department filed the instant motion to dismiss the claims against them. Plaintiff had until July 2 to file an opposition to the motion, but did not do so.

## II.   LEGAL STANDARD

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) is a test of the legal sufficiency of a complaint. *Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999). To pass this test, a complaint need only present enough factual content to render its claims "plausible on [their] face" and enable the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009). The plaintiff may not, however, rely on naked assertions, speculation, or legal conclusions. *Bell Atlantic v. Twombly*, 550 U.S. 544, 556-57 (2007). In assessing the merits of a motion to

dismiss, the court must take all well-pled factual allegations in the complaint as true and construe them in the light most favorable to the Plaintiff. *Ibarra v. United States*, 120 F.3d 472, 474 (4th Cir. 1997). If after viewing the complaint in this light the court cannot infer more than "the mere possibility of misconduct," then the motion should be granted and the complaint dismissed. *Iqbal*, 129 S.Ct. at 1950.

### III.    ANALYSIS

Counts II and IV of the Complaint attempt to state claims against the Baltimore Police Department and against Commissioner Bealefeld, respectively, based on the allegedly inadequate training of Baltimore police officers, for which they are responsible. Count III attempts to state a claim against the Police Department based on its alleged failure to institute proper rules and procedures for arrests and its alleged failure to investigate complaints of unlawful arrests and discipline the offending officers. Defendants contend, however, that the complaint does not allege the minimum facts necessary to establish these claims. The Court will address the claims in turn.

### A.    Counts II & IV: Inadequate Training

Counts II and IV contain identical allegations, the only difference being that Count IV refers to Commissioner Bealefeld by name. These counts allege that the BPD and the Commissioner failed to train police officers to avoid constitutional violations during arrests, and that this lack of training was a cause of the alleged violations of Plaintiff's constitutional rights by Officer Fabrizio. While inadequacy of police training can serve as a basis for liability under § 1983, this is so only where the failure to train is so flagrant that it amounts to "deliberate indifference" on the part of the municipality with respect to "the rights of persons with whom the police come into contact." *City of Canton, Ohio v. Harris*, 489 U.S. 378, 388 (U.S. 1989);

*accord Doe v. Broderick*, 225 F.3d 440, 456 (4th Cir. 2000). Importantly, such a deliberate or conscious choice by a municipality cannot be shown simply by proving a single instance of police misconduct and without "submitting proof of a single action taken by a municipal policymaker." *Broderick*, 225 F.3d at 456 (quoting *City of Oklahoma City v. Tuttle*, 471 U.S., 808, 821 (1985)). Even at the pleadings stage, a plaintiff seeking to impose liability on a failure-to-train theory cannot rely on legal conclusions and speculations, but must allege at least some facts showing: (1) the nature of the training; (2) that any failure to train was a deliberate or conscious choice by the municipality; and (3) that any alleged constitutional violations were actually caused by the failure to train. *See Drewery v. Stevenson*, Civil No. WDQ-09-2340, 2010 WL 93268 at *4 (D. Md., Jan. 6, 2010).

Here, Plaintiff recites each of above-listed elements in her complaint; but, as with pleading any cause of action, merely reciting the elements of municipal liability does not state a claim under § 1983. *See Twombly*, 550 U.S. at 555. The complaint does not allege any facts regarding the sort of training that Baltimore police officers actually receive or how that training reflects the decision of any municipal policymaker. Therefore, Counts II and IV must be dismissed for failure to state a claim.

### B. Count III: Improper Policy / *Monell* Claim

Count III claims that Plaintiff's allegedly unlawful arrest and detention were part of a regular pattern of similar conduct that has resulted from the Baltimore Police Department's failure to "establish effective procedures, rules, orders, guidelines, and practices to ensure that such violations did not occur and to ensure that allegations of such violations will be thoroughly investigated and appropriately punished …." (Compl. ¶ 42). It does not, however, allege a single instance of these alleged violations other than Plaintiff's own experience, and thus falls

well short of showing the sort of "widespread and permanent practice" that is required to show a municipal "custom."  *See Carter v. Morris*, 164 F.3d 215, 220 (4th Cir. 1999) (quoting *Greensboro Prof'l Fire Fighters Ass'n v. City of Greensboro*, 64 F.3d 962, 967 (4th Cir. 1995)) (internal quotation marks omitted).  It also fails to allege any facts regarding what the Police Department's "procedures, rules, orders, guidelines, and practices" are, or any facts tending to show a "deliberate indifference" on the part of any policymaker.  Thus, Count III must be dismissed as well.

## IV.    CONCLUSION

Accordingly, an order shall enter GRANTING Defendants' Motion to Dismiss (ECF No. 8).

Dated this 13th day of July, 2012

BY THE COURT:

_____/s/_____
James K. Bredar
United States District Judge